UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:20-CR-00012-GFVT-MAS-1 |
| | ) |
| JOHN THOMAS JURGENSEN, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

The Court, on referral from Judge Gregory F. Van Tatenhove, considers the alleged violation of supervised release conditions by Defendant John Thomas Jurgensen ("Jurgensen"). Considering the record and proffer, the Court **RECOMMENDS** that the District Court **REVOKE** Jurgensen's term of supervised release, sentence him to time served, and reimpose a 24-month term of supervised release. The Court further recommends that the District Court impose additional special conditions requiring Jurgensen to undergo inpatient treatment at Eastern State Hospital in Lexington, Kentucky for a period not less than sixty (60) days, during which he should also undergo a mental health assessment. At the conclusion of the 60-day treatment period, the Court further recommends that the parties reconvene before the Court for a Status Conference.

1

## I. BACKGROUND

On November 2, 2021, Jurgensen pled guilty to conveying false information and hoaxes by mailing purported anthrax in violation of 18 U.S.C. § 1038(a). [DE 52]. Following a Sentencing Hearing on February 16, 2022, Judge Van Tatenhove sentenced Jurgensen to 24 months' imprisonment followed by 3 years of supervised release. [DE 64]. The Judgment included, among others, the following special release condition:

> **Modified Condition**: You must reside at a Residential Re-entry Center for a period of 180 days. You must follow the rules and regulations of the facility.

[DE 66, PageID# 316].

On August 31, 2023, United States Probation Officer Tony Gilkey ("Officer Gilkey") submitted correspondence ("Violation Report") alleging a violation of the above-referenced modified condition of Jurgensen's supervised release. Officer Gilkey reported that on August 30, 2023, the United States Probation Office ("USPO") received correspondence from Dismas Charities in Manchester, Kentucky that Jurgensen, a resident, was dismissed for making threatening statements toward facility staff. [Violation Report at 1].

Dismas Charities reported four occurrences as bases for Jurgensen's dismissal from the facility. [Violation Report at 5]. The first instance involved a dispute with another resident over a bottom bunk pass, which evolved into threatening to "hurt someone, and it didn't matter if they had kids or not[.]" [Violation Report at 5]. The second instance arose from the same conversation with staff, where Jurgensen stated "he wasn't afraid to hurt somebody," and it was evident that those threats were

2

directed at specific staff members. [Violation Report at 5]. Third, Jurgensen requested emails and phone numbers for Louisville's Dismas facility so they he could report certain staff members who were "to[o] sorry to do their jobs." [Violation Report at 5]. Finally, Jurgensen was pacing the facility's halls early in the morning when a staff member asked him if he was okay. Jurgensen "rant[ed]" the staff member that his dormmates were "disgusting" and that he was "fixin to go off on them." [Violation Report at 5]. Dismas Charities also advised USPO that Jurgensen's behavior specifically made female staff feel unsafe when alone in his presence. [Violation Report at 6].

The result of Jurgensen's behavior was ultimately his dismissal from the facility. By failing to complete a 180-day Residential Re-entry program, Jurgensen technically violated the above-referenced Modified Condition. This is a Grade C violation.

## II. PROCEDURAL HISTORY

In response to the Violation Report, Judge Van Tatenhove issued a warrant for Jurgensen's arrest. [DE 68]. Following his arrest on September 1, 2023, Jurgensen came before the undersigned for an initial appearance on September 6, 2023 pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1. [DE 69]. The Court advised Jurgensen of his constitutional rights, including his right to a preliminary hearing pursuant to Rule 32.1(b)(1)(A). [DE 69].

Jurgensen initially requested a preliminary hearing. The United States then moved for detention pending the Final Hearing, and Jurgensen subsequently

requested a detention hearing on the issue. The Court heard two witnesses, proffer, and arguments from counsel on the issue of detention. At that point, Jurgensen stipulated to probable cause supporting the alleged violation. Ultimately, the Court determined that Jurgensen failed to carry his release burden under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a) and ordered that Jurgensen remain in custody pending the Final Hearing. [DE 69].

At the Final Hearing on September 20, 2023, the Court determined that Jurgensen was competent to enter a knowing, voluntary, and intelligent stipulation to the charged violation. For Rule 32.1 proceeding purposes, Jurgensen admitted to the factual basis as to the conduct described in the Violation Report. The Court found that the United States had established the reported violation as reflected in the Violation Report.

Jurgensen's violation is a Grade C violation under the United States Sentencing Guidelines ("USSG"). Jurgensen's criminal history category, as established at the time of his original Judgment, is Category III. The parties do not dispute that the applicable Guidelines imprisonment range is 5 to 11 months. USSG § 7B1.4(a). The statutory maximum term of imprisonment upon any revocation is not more than 24 months, and the authorized reimposition of a term of supervised release is not more than 36 months. 18 U.S.C. §§ 3583(e)(3), 3583(h).

At the Final Hearing, defense counsel and counsel for the United States agreed that while revocation was appropriate, that a period of imprisonment would not be beneficial under the circumstances. Defense counsel advocated for a reimposition of

4

supervision that would include Jurgensen being required to undergo inpatient treatment at Eastern State Hospital to stabilize his active mental health conditions and find a medication regimen that would reduce the symptoms of his mental health conditions. The United States does not oppose defense counsel's proposal.

Defense counsel examined Jurgensen's father, William Jurgensen, and his sister, Mary LaCivita. Jurgensen's father testified that, following Jurgensen's inpatient treatment, he is willing to provide Jurgensen a place to live in his Danville, Kentucky home. Jurgensen's father is a retired government employee and testified that he and his son share many of the same interests. He further testified that he would encourage Jurgensen to work and contribute to society while also supporting him by ensuring that Jurgensen received the supervision and health care needed to comply with his supervised release conditions.

LaCivita, a Massachusetts resident and family law attorney, testified that she is very close with Jurgensen and speaks with him daily, even during his incarceration. Based on her experience and relationship with Jurgensen, she disagrees that Jurgensen should live with their father following the proposed inpatient treatment plan. She indicated that Jurgensen and their father share many of the same mental health conditions but that their father has gone undiagnosed and untreated. Ultimately, LaCivita conveyed that their father's home would not be the ideal environment for Jurgensen's recovery and compliance with the terms of his supervision. In fact, interaction with his father may once again trigger Jurgenson to abstain from taking his medication and engage in troubling behavior. LaCivita

5

testified that she is committed to finding an assisted living facility that can cater to Jurgensen's specific medication management and mental health care needs.

### III. ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the Final Hearing, the record concerning Jurgensen's violations, the Presentence Investigation Report ("PIR"), and the factors set forth in 18 U.S.C. § 3583(e). Particularly, the Court is mindful that the instant Grade C violation is Jurgensen's first violation. It is also a technical violation. The record and testimony indicate Jurgensen's intent to comply with his supervision, but his untreated mental health conditions hinder him. Based on LaCivita's testimony, the Court recognizes that Jurgensen might struggle to reintegrate into society and sustain himself even with the correct medication. Therefore, the Court aims to recommend a revocation sentence that ensures compliance without penalizing Jurgensen for his mental health challenges.

Considering the incorporated § 3553(a) factors, revocation is warranted to address the violation's conduct, Jurgensen's original offense, and to ensure he receives the medical care he needs. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B) & (D). The following recommendation is informed by the statutory factors in § 3553(a) as incorporated in § 3583(e), as well as the Guidelines. *See generally United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011); *see* USSG § 5H1.3 ("Mental and emotional conditions may be relevant in determining the conditions of probation or supervised release[.]").

Jurgensen's original offense involved making false, threatening statements, and his dismissal from Dismas Charities is directly related to his threatening statements about facility staff. While the violation conduct is aggravating, the record strongly suggests that his behavior is directly connected to an active mental health care crisis. These circumstances underscore the need for Jurgensen's revocation sentence to include conditions that would assist him in obtaining the mental health care he needs. Thus, the Court does not recommend any additional custodial sentence but rather the imposition of a 24-month period of supervision wherein Jurgensen would be required to undergo inpatient treatment at Eastern State Hospital for a period not less than sixty (60) days. During that time, Jurgensen should undergo a comprehensive mental health assessment, which the Court shall consider after his 60-day inpatient treatment during a Status Conference. Such a sentence reflects the salient § 3553(a) factors, as discussed, and accords the Guidelines themselves proper consideration.

### IV.   RECOMMENDATION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** that:

1. Jurgensen be found **GUILTY** of the violation of his Modified Condition;

2. Jurgensen's current term of supervised release be **REVOKED**;

3. Jurgensen be sentenced to time-served with a 24-month term of supervised release to follow;

4. The Court impose the following special conditions of supervised release, in addition to the conditions provided in Jurgensen's original Judgment:

    a. Jurgensen shall participate in and undergo inpatient treatment at Eastern State Hospital for his mental health conditions, for a period not less than sixty (60) days;

    b. Jurgensen shall undergo a comprehensive mental health evaluation while receiving treatment at Eastern State Hospital;

    c. After 60 days of treatment, Jurgensen's counsel shall submit to the Court the results of Jurgensen's mental health assessment and a Status Report detailing the status of Jurgensen's treatment. The Status Report should detail whether Jurgensen requires additional treatment and progress made by counsel and/or his family toward finding a facility that appropriately caters to Jurgensen's mental health care needs. Upon review of the Status Report, the Court shall schedule a Status Conference.

*Right to Object*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), FED. R. CIV. P. 72(b), FED. R. CRIM. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

8

Entered this 26th of September, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY