UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Crim. No. 3:20-cr-00012-GFVT-MAS-1 |
| v. | ) ) ) | **ORDER** |
| JOHN THOMAS JURGENSEN, | ) ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew Stinnett. [R. 74.] In 2022, the Court sentenced Defendant John Jurgensen to 24 months' imprisonment followed by three years of supervised release after he pled guilty to conveying false information and hoaxes by mailing purported anthrax in violation of 18 U.S.C. § 1038(a). *Id*. at 2. The United States Probation Office charges Mr. Jurgensen with a Grade C violation of his supervised release conditions. *Id.* at 3.

The judgment against Mr. Jurgensen included a special release condition that Mr. Jurgensen reside at a Residential Re-entry Center for a period of 180 days, and that he obey the rules and regulations of the facility. *Id*. at 2. On August 31, 2023, U.S. Probation submitted correspondence ("Violation Report") alleging a violation of the above-referenced special release condition. According to U.S. Probation, the program discharged Mr. Jurgensen after he made threatening statements toward facility staff. [Violation Report at 1.]

Mr. Jurgensen appeared before Judge Stinnett for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 69.] Mr. Jurgensen was advised of his

constitutional rights, including his right to a preliminary hearing pursuant to Rule 32.1(b)(1)(A). *Id*. During his initial appearance, Mr. Jurgensen initially requested a preliminary hearing. [R. 74.] The United States then moved for detention pending the Final Hearing, and Mr. Jurgensen subsequently requested a detention hearing on the issue. *Id*. Following witness testimony and arguments from counsel on the detention issue, Judge Stinnett ultimately determined that Mr. Jurgensen failed to carry his release burden under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a) and ordered that Mr. Jurgensen remain in custody pending the final hearing. *Id*.

On September 20, 2023, Mr. Jurgensen appeared before Judge Stinnett for his final hearing. *Id*. As Judge Stinnett found, Mr. Jurgensen "competently, knowingly, voluntarily, and intelligently" stipulated to the Grade C violation. *Id*. After hearing the parties' arguments, Judge Stinnett issued a Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. *Id*. Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 8; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed and no one has objected to the Report and Recommendation. Moreover, Mr. Jurgensen has waived his right to allocution. [R. 75.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and

recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 74]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Jurgensen is found **GUILTY** of the violation of his Modified Condition;

3. Mr. Jurgensen's current term of supervised release is **REVOKED**;

4. Mr. Jurgensen is **SENTENCED** to time-served with a 24-month term of supervised release to follow;

5. In addition to the conditions provided in Mr. Jurgensen's original judgment, the following special conditions of supervised release **SHALL** be imposed:

    a. Mr. Jurgensen shall participate in and undergo inpatient treatment at Eastern State Hospital for his mental health conditions, for a period not less than sixty (60) days;

    b. Mr. Jurgensen shall undergo a comprehensive mental health evaluation while receiving treatment at Eastern State Hospital;

    c. After 60 days of treatment, Mr. Jurgensen's counsel shall submit to the Court the results of Mr. Jurgensen's mental health assessment and a Status Report detailing the status of Mr. Jurgensen's treatment. The Status Report should detail whether Mr. Jurgensen requires additional treatment and progress made by counsel and/or his family toward finding a facility that appropriately caters

to Jurgensen's mental health care need. Upon review of the Status Report, the Court shall schedule a Status Conference.

6. Judgment shall enter promptly.

This the 26th day of October 2023.

Gregory F. Van Tatenhove
United States District Judge